**In re Timothy Williams LUDERS,
Lori Beth Luders, Debtors.**

**No. 06–50287–13.**

United States Bankruptcy Court,
W.D. Virginia,
Harrisonburg Division.

Dec. 5, 2006.

Roland S. Carlton, Jr., Staunton, VA, for Debtors.

Herbert Beskin, Charlottesville, VA, Chapter 13 Trustee.

## DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

Before the court is a notice filed by the Chapter 13 trustee (herein the "Trustee").[1] The court conducted a hearing on the notice on August 23, 2006. At that time, the court took the matter under advisement and requested the debtors to submit a memorandum of authorities to contest the notice. After due consideration of the evidence and authorities, the notice will be vacated and stricken from the docket.

### Facts:

The debtors filed a petition under Chapter 13 of the Bankruptcy Code on June 16, 2006. On July 13, 2006, the debtors submitted certain payment advices to the Trustee. The payment advices submitted contained all pay stubs received by the

---

1. On August 12, 2006, the Chapter 13 trustee filed a Trustee's Notice of Debtors' Failure to Comply with 11 U.S.C. 521(a)(1)(B)(iv). Paragraph 2 of the Notice "requests that said case be automatically dismissed pursuant to the provisions of 11 U.S.C. 521(i)(1)". *See*, docket entry number 17.

debtors during the sixty-day time period before the date of the filing of the petition, except for the payment advice of the mail debtor for the pay period of May 22 to May 28, 2006, and the payment advices of the female debtor for the pay periods of April 22 to May 5, 2006, and May 6 to May 19, 2006.[2] The pay stubs of the male and female debtor both contained current net pay as well as net year-to-date total pay. The debtors submitted the missing pay stubs to the Trustee more than forty-five (45) days after filing of the petition. The debtors did not request an extension of time under 11 U.S.C. § 521(i)(3) in which to file their payment advices.[3] The debtors, however, argue that the pay stubs submitted to the Trustee on July 13, 2006, comply with 11 U.S.C. § 521(a)(1)(B)(iv), because the timely submitted pay stubs of both husband and wife contain year-to-date information that satisfies the "other evidence of payment" language in the statute.

### *Analysis:*

Pursuant to 11 U.S.C. § 521(a)(1)(B)(iv), and standing order # 6 entered by this court on October 14, 2005, the debtors are required to file with the Trustee "copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor." Pursuant to 11 U.S.C. § 521(i), if the debtors fail to file the payment advices within 45 days of the date of the filing of the petition, "the case shall be automatically

dismissed effective on the 46th day after the date of the filing of the petition."

In this case, the debtors timely submitted certain payment advices to the Trustee on July 13, 2006. The debtors admit that not all payment advices received by the debtors during the 60-day time period prior to the date of filing the petition were timely filed with the Trustee. However, the pay stubs which were timely filed by the debtors provide year-to-date totals. In the case of the male debtor, the year-to-date totals from the pay stubs for the pay periods of May 15 to May 21, 2006, and May 29 to June 4, 2006, may be utilized to calculate the payment information from the missing pay stub for the pay period of May 22 to May 28, 2006. In the case of the female debtor, the year-to-date total from the pay stub for the period of May 20 to June 2, 2006, may be utilized to calculate the combined payment information for the pay periods of April 22 to May 5, 2006, and May 6 to May 19, 2006, because the female debtor was not employed with her current employer prior to April 22, 2006.

The automatic dismissal provision found in section 522(i)(1) presents procedural issues for trustees. Administration is awkward. Here, the Trustee noticed the statutory violation and requested a finding of automatic dismissal so the record could be clear that the case was dismissed on the 46th day. Then, on August 18, 2006, the Trustee noticed a hearing on the notice of statutory violation. *See,* docket entry 18.[4]

In this case failure to afford the debtors an opportunity to be heard would

---

**2.** The female debtor was not employed prior to April 22, 2006.

**3.** Had the request for extension under section 521(i)(3) been made, the debtors would have positioned themselves to avoid the automatic dismissal language of section 521(i)(1).

**4.** Arguably, this procedure is at odds with section 522(i)(1) which appears to require au-

tomatic dismissal on the 46th day with no notice or opportunity for hearing. It is also at odds with standing order # 6 which provides "that the case trustee's certification of non-compliance by the debtor(s) with this order will be sufficient to trigger dismissal pursuant to 11 U.S.C. § 521(i)". However, it appears in this case that the Trustee noticed a hearing after inquiry to the court.

**674**

have adverse consequences to the debtors because refiling their petition would trigger the provisions of 11 U.S.C. § 362(c)(3) or (4) pertaining to continuation or imposition of the stay. Alternatively, the debtors could move the court to vacate the order of dismissal and reinstate the case. Using either approach results in time and expense to the debtors and potential confusion to creditors as to the status of the case. Equity dictates that the certification by the Trustee of noncompliance and the notice of a hearing thereon did not trigger automatic dismissal. This court can consider the merits of debtors' position that there was sufficient information in the timely filed payment advices to meet the statutory requirements.[5]

### *Conclusion:*

■ The debtors timely filed "copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition" with the Trustee. 11 U.S.C. § 521(a)(1)(B)(iv). The pay stubs submitted to the Trustee, along with the year-to-date totals found on these pay stubs, constitute "other evidence of payment" sufficient to satisfy the requirements of 11 U.S.C. § 521(a)(1)(B)(iv). Therefore, the case is not to be dismissed under 11 U.S.C. § 521(i)(1). Accordingly, it is

### ORDERED:

That the Chapter 13 Trustee's notice of failure to comply shown as docket entry number 17 is **VACATED** and **STRICKEN** from the record.

---

**5.** This case illustrates one of the dangers inherent in the automatic dismissal language found in section 522(i)(1).