**In re Brandon L. MILLER and Amy L. Miller, also known as Amy L. Folden, Debtors.**

**Brandon L. Miller, Appellant,**

**v.**

**J. Vincent Cameron, Trustee, Appellee,**

**and**

**United States of America, Intervenor.**

BAP No. UT–07–085.
Bankruptcy No. 07–20270.

United States Bankruptcy Appellate Panel of the Tenth Circuit.

March 18, 2008.

768

Stephen M. Enderton (Sarah L. Mathews with him on the brief), of Stephen M. Enderton Legal Services LLC, Salt Lake City, UT, for Appellant.

Scott T. Blotter, of the Standing Chapter 13 Trustee's Office, Salt Lake City, UT (J. Vincent Cameron, pro se, with him on the brief) for Appellee.

Jeannine R. Lesperance, Trial Attorney, United States Department of Justice, Washington, D.C., (Peter D. Keisler, Assistant Attorney General, Brett L. Tolman, United States Attorney, Daniel Price, Assistant United States Attorney, J. Christopher Kohn, Trial Attorney, and Tracy J. Whitaker, Trial Attorney, with her on the brief) for Intervenor.

Before NUGENT, BROWN, and RASURE [1], Bankruptcy Judges.

## OPINION

BROWN, Bankruptcy Judge.

Debtor Brandon Miller appeals the bankruptcy court's memorandum decision finding noncompliance with 11 U.S.C. § 521(a)(1)(B)(iv) and the bankruptcy court's accompanying notice of dismissal of Debtor's bankruptcy case under 11 U.S.C. § 521(i)(1). Central to this appeal is the question of whether a debtor's pay stub containing year-to-date income totals may be considered as "other evidence of payment" sufficient to meet the filing requirements of 11 U.S.C. § 521(a)(1)(B)(iv). The bankruptcy court held that it was not. For the reasons stated below, we REVERSE.

## I. Background

Debtor and his wife filed a joint Chapter 7 petition on January 24, 2007. The bankruptcy court subsequently converted the case to Chapter 13, at the request of Debtors. There is no dispute that Debtor and his wife were required to comply with 11

---

1. Honorable Dana L. Rasure, United States Bankruptcy Judge, United States Bankruptcy Court for the Northern District of Oklahoma, sitting by designation.

U.S.C. § 521(a)(1)(B)(iv),[2] which requires an individual debtor to file "copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor." Debtor's wife timely filed all her pay stubs and her case is not at issue in this appeal. Debtor, however, failed to file one of his pay stubs.

The parties agree that the relevant sixty-day period in Debtor's case was November 24, 2006, through January 23, 2007. During this sixty-day period, there were four pay periods at Debtor's place of employment. Debtor timely filed pay stubs for three of the four pay periods—the first, second and fourth pay periods. Debtor was missing and did not file his pay stub for the third pay period. Instead, Debtor's counsel filed a chart which calculated the data on the missing third pay stub, extrapolated from the year-to-date payment information contained on Debtor's fourth pay stub.

On May 7, 2007, the bankruptcy court held a hearing on confirmation of Debtor's Chapter 13 plan. At the hearing, the bankruptcy court *sua sponte* raised the issue of the missing third pay stub and Debtor's compliance with § 521(a)(1)(B)(iv). The Chapter 13 trustee ("Trustee") had not previously raised the issue, nor had any other party in interest, as permitted under § 521(i)(2). In subsequent briefs submitted at the request of the bankruptcy court, both the Trustee and Debtor took the position that the year-to-date payment information contained in Debtor's fourth pay stub was sufficient

"other evidence of payment" to meet the requirements of § 521(a)(1)(B)(iv).

The bankruptcy court disagreed with the parties and instead concluded in its memorandum decision that Debtor had failed to meet the requirements of § 521(a)(1)(B)(iv) by not filing his third pay stub. The court found the year-to-date information summarized by Debtor's counsel did not amount to "other evidence" under the statute because Debtor's employer had not provided that evidence. Because Debtor failed to meet the requirement of § 521(a)(1)(B)(iv), the court concluded that Debtor's bankruptcy case had been automatically dismissed pursuant to § 521(i)(1), effective on the forty-sixth day following Debtor's petition date. The court also rejected other arguments raised by Debtor concerning the court's power to *sua sponte* consider compliance with § 521(a)(1)(B)(iv) and the constitutionality of automatic dismissal under § 521(i)(1). Concurrent with its memorandum decision, the court issued a notice of dismissal, notifying parties in interest that Debtor's case had been automatically dismissed by operation of statute. This appeal followed.

## II. Appellate Jurisdiction

■ This Court has jurisdiction to hear timely filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit, unless one of the parties elects to have the district court hear the appeal.[3] A decision is considered final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."[4]

---

**2.** Unless otherwise noted, all future statutory references in this Opinion are to the Bankruptcy Code, Title 11, United States Code.

**3.** 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr.P. 8002.

**4.** *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) (internal quotation marks omitted).

**770**

Generally, an order of dismissal is a final, appealable order under 28 U.S.C. § 158(a).[5] In this case, the bankruptcy court did not directly order the case dismissed but instead issued a memorandum decision which determined that the Debtor's failure to make certain filings triggered the automatic dismissal provision of § 521(i)(1). Because the bankruptcy court's decision finally determined the issue of dismissal, this Court concludes that the bankruptcy court's memorandum decision is a "final order" under 28 U.S.C. § 158(a).[6]

Debtor's notice of appeal was timely filed within ten days of entry of the bankruptcy court's decision. Neither party elected to have the appeal heard by the United States District Court for the District of Utah. Thus, this Court has jurisdiction to review the bankruptcy court's memorandum decision and notice of dismissal.

### III. Standard of Review

■ The pertinent facts in this case are undisputed. The bankruptcy court's interpretation of a statute is a question of law, which we review *de novo*.[7]

### IV. Discussion

■ In relevant part, § 521 provides that:

(a) The debtor shall—

(1) file—

. . .

(B) unless the court orders otherwise—

. . .

(iv) copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor[.][8]

At issue in this appeal is what amounts to "other evidence of payment." The bankruptcy court below applied a very technical interpretation of this statutory phrase.

In reaching its decision, the bankruptcy court found it necessary to "parse" the language of the statute and concluded the critical word is the verb "received." The compound subject of the verb "received," according the court, is both the noun "payment advices" and the noun "other evidence." This means that the statute requires a debtor to file either copies of payment advices *received* directly from an employer, or other evidence of payment *received* directly from an employer, for each pay period in the sixty days prepetition. Under this interpretation, the bankruptcy court concluded that the year-to-date income information supplied by Debtor did not satisfy the statute because it was not "received" directly from Debtor's employer and was, instead, mere speculation by Debtor's counsel. What the statute required Debtor to file, according to the bankruptcy court, was either "what

**5.** *Bass v. Parsons (In re Parsons),* 272 B.R. 735, 746 (D.Colo.2001); *In re Svigel,* WY–07–020, 2007 WL 1747117, at * 1 (10th Cir. BAP June 18, 2007).

**6.** *See Warren v. Wirum,* 378 B.R. 640, 643 (N.D.Cal.2007) (bankruptcy court determination that debtor's actions did not trigger automatic dismissal provision in § 521(i) is final order); *Rivera v. Miranda,* 376 B.R. 382, 385 (D.P.R.2007) (same). *See also In re Svigel,*

2007 WL 1747117, at * 1 (bankruptcy court order granting trustee's motion to dismiss case for failure to file payment advices is final order for purposes of 28 U.S.C. § 158(a)(1)).

**7.** *Office of Thrift Supervision v. Overland Park Fin. Corp. (In re Overland Park Fin. Corp.),* 236 F.3d 1246, 1251 (10th Cir.2001).

**8.** 11 U.S.C. § 521(a)(1)(B)(iv).

was received by [Debtor] from his employer, be it the actual payment advice or the actual 'other evidence' received by him *for that pay period* [.]" [9]

We believe this interpretation unnecessarily reads additional requirements into the statute. Under the bankruptcy court's interpretation, a debtor would not only need to provide a separate piece of documentary evidence for each pay period during the sixty days prepetition, he would also have to ensure that each piece of evidence was created by his employer. Moreover, each piece of evidence would need to reflect the employer's separate calculation of pay for that one pay period only. An employer's year-to-date calculations of income would never be sufficient because such calculations necessarily cover more than one pay period. It is difficult to imagine what type of evidence, other than a debtor's payment advices, would satisfy this reading of the statute. In other words, the bankruptcy court's interpretation makes the "other evidence of payment" option effectively non-existent. This stretches the statutory language too far.

The bankruptcy court believed that the "only coherent and consistent reading of the statute, has the verb 'received' taking the subject nouns 'advices' and 'evidence'," [10] and therefore the statute required that both payment advices and other evidence had to be "received . . . by the debtor from any employer of the debtor" within the sixty-day period. [11] In our view, the statute can easily be read instead to create two independent methods by which a debtor may establish "payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor." [12] The first is by filing "copies of all payment advices . . . of [such] *payment received . . .* by the debtor from any employer" and the second is by filing "copies of . . . other evidence of *payment received . . .* by the debtor from any employer." [13] This interpretation, which does no violence to the language of the statute, allows a court to reasonably conclude that year-to-date payment information may be credible "other evidence of payment received," even though the evidence is not technically in the form of separate payment advices for each relevant pay period.

A majority of courts addressing the issue have similarly concluded that § 521(a)(1)(B)(iv) allows a debtor to "file either the payment advices or some other evidence of payment." [14] The "other evidence of payment" may include, as in this case, year-to-date payment information, depending on the circumstances. [15] It is

9. *In re Miller,* 371 B.R. 509, 515 (Bankr. D.Utah 2007).

10. *In re Miller,* 371 B.R. at 514.

11. 11 U.S.C. § 521(a)(1)(B)(iv).

12. *Id.*

13. *Id.* (emphasis added).

14. *In re Wojda,* 371 B.R. 656, 660 (Bankr. W.D.N.Y.2007). *See also In re Tay–Kwamya,* 367 B.R. 422 (Bankr.S.D.N.Y.2007); *In re Reynolds,* 370 B.R. 393 (Bankr.N.D.Okla. 2007); *In re Luders,* 356 B.R. 671 (Bankr. W.D.Va.2006). *But see In re Kruitbosch,* No. 07–22203, 2007 WL 2916191, at *1–2 (Bankr. D.Utah Aug.29, 2007) (concluding that year-to-date information on other filed payment advices did not constitute "other evidence of payment."); *In re Neil,* No. 07–21107, 2007 WL 2915851, at *3 (Bankr.D.Utah Aug.9, 2007) (concluding information contained in pay stubs filed by debtor was of "no consequence" because debtor was missing one pay stub from the sixty-day period).

15. *In re Luders,* 356 B.R. at 674; *In re Tay–Kwamya,* 367 B.R. at 426–27; *In re Reynolds,* 370 B.R. at 397; *In re Wojda,* 371 B.R. at 660.

the bankruptcy court's role to assess whether the "other evidence" provided by a debtor is credible and reliable enough to establish the amount of payment the debtor received in the sixty days prior to filing.[16]

█ In this case, the bankruptcy court disregarded the year-to-date information because, according to the court, it was not provided directly by Debtor's employer. The court's assessment, however, ignores the fact that while counsel's chart may not have been created by Debtor's employer, the year-to-date information itself was. More important, the bankruptcy court did not assess the reliability of the year-to-date information, other than pointing out a mathematical error in the chart prepared by Debtor's counsel.[17]

Had the court actually considered the evidence in the final payment advice, Debtor's case would not have been dismissed. Debtor produced all but one of his relevant pay stubs. All of the pay stubs contain year-to-date figures for Debtor's gross earnings, deductions, withholdings, and net pay. Due to the timing of issuance of Debtor's pay checks and passage of the new year, the year-to-date information on his fourth pay stub covered only two paychecks—the paychecks for the third and fourth pay periods. As such, it was a simple mathematical calculation to determine the amounts that were listed on Debtor's missing third pay stub by subtracting the fourth pay period amounts from the year-to-date information. There

is no indication in the record that the year-to-date information was inaccurate or that Debtor received income from some other source. Because the pay stubs and year-to-date information supplied by Debtor create a very clear picture as to the amount of income Debtor received in the sixty days prepetition, Debtor satisfied § 521(a)(1)(B)(iv). As such, the automatic dismissal provision of § 521(i) was not triggered in this case.

In reaching this conclusion, it is important to emphasize that we are not holding that year-to-date income information *per se* satisfies the filing requirements of § 521(a)(1)(B)(iv). Whether year-to-date figures or some "other evidence of payment" presented by a debtor satisfies the statute will depend on the particular facts and circumstances of any given case.

## V. Other Issues on Appeal

In this appeal, Debtor also questions the bankruptcy court's power to consider compliance with § 521(i)(1) *sua sponte* and argues that the automatic dismissal provisions of § 521(i)(1) amount to a denial of Debtor's due process rights. Given our holding that Debtor's case was not automatically dismissed, Debtors's other arguments are moot and we decline to address them.[18]

## VI. Conclusion

For the reasons stated above, the bankruptcy court's memorandum decision finding noncompliance with § 521(a)(1)(B)(iv)

16. *See, e.g., In re Reynolds,* 370 B.R. at 397; *In re Wojda,* 371 B.R. at 660.

17. The chart prepared by Debtor's counsel incorrectly calculates Debtor's net pay for the third pay period. *In re Miller,* 371 B.R. 509, 515 (Bankr.D.Utah 2007). Counsel's error, however, does not affect the reliability of the underlying year-to-date information supplied by Debtor's employer. In any event, while

the bankruptcy court critiqued counsel's chart, it also noted, somewhat inconsistently, that the Debtor relied on the year-to-date information itself, and not the chart created by counsel. *Id.* at 512 n. 4.

18. *Kaw Nation v. Springer,* 341 F.3d 1186, 1187 (10th Cir.2003) (court will not undertake to decide issues that do not affect the outcome of a dispute).

and the accompanying notice of dismissal of Debtor's bankruptcy case under § 521(i)(1) are REVERSED.