08-4440-bk
Community Bank, N.A. v. Riffle

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

_____

August Term, 2008

(Submitted: August 5, 2009                    Decided: August 9, 2010)

Docket No. 08-4440-bk

_____

*COMMUNITY BANK, N.A.*,

*Appellant,*

*v.*

*STEPHEN RIFFLE, LORA RIFFLE,*

*Appellees.**

_____

Before:

POOLER, HALL, and LIVINGSTON, *Circuit Judges*.

Appeal from the August 15, 2008, judgment of the United States District Court for the Western District of New York (Siragusa, *J.*). The district court affirmed the bankruptcy court's denial of the motion of Appellant Community Bank, N.A. to, *inter alia,* confirm the automatic dismissal of debtor Stephen Riffle's case pursuant to 11 U.S.C. § 521(i)(1) because, contrary to the provisions of 11 U.S.C. § 521(a)(1)(B)(iv), Appellees failed to file copies of all payment advices received by Stephen Riffle within 60 days before the date of the filing of the bankruptcy

---

* The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

petition.  We hold that because Appellees provided information reflecting "payment received" from Stephen Riffle's employer in the 60 days prior to the petition, they satisfied the requirements of § 521(a)(1)(B)(iv).  We therefore affirm the judgment of the district court.

———————————————

EDWARD Y. CROSSMORE, The Crossmore Law Office, Ithaca, New York, *for Appellant.*

CHARLES D. TOLBERT, Charles D. Tolbert, P.C.,  Penn Yan, New York, *for Appellees.*

PER CURIAM:

Appellant Community Bank, N.A. ("Community Bank"), appeals the August 15, 2008, judgment of the United States District Court for the Western District of New York (Siragusa, *J.*). The district court affirmed the bankruptcy court's denial of Community Bank's motion to, *inter alia,* obtain an order confirming the automatic dismissal of the bankruptcy case of Stephen Riffle pursuant to 11 U.S.C. § 521(i)(1) on the grounds that Stephen and Lora Riffle (collectively, "Appellees") failed to file copies of all payment advices received by Stephen Riffle within 60 days before the date of the filing of the bankruptcy petition as required by 11 U.S.C. § 521(a)(1)(B)(iv).  We hold that because Appellees provided information reflecting "payment received" from Stephen Riffle's employer in the 60 days prior to the petition, they satisfied the requirements of § 521(a)(1)(B)(iv).  We therefore affirm the judgment of the district court.

## I.      STATUTORY REQUIREMENTS

Appellees filed a petition for bankruptcy under Chapter 13 of the Bankruptcy Code. Schedules and statements filed by the Appellees indicated that Community Bank was a fully secured creditor that held a mortgage on their residence.  Prior to the bankruptcy filing, Stephen Riffle was employed by YB Sales and Distribution.  During the 60-day period before the filing, Stephen Riffle received from his employer four payment advices with respect to his

compensation. According to the Appellees' Schedule I of Current Income, Lora Riffle had no income during this time.

Within the 45-day period for filing "copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor," 11 U.S.C. § 521(a)(1)(B)(iv), the Appellees filed the last payment advice that Stephen Riffle received during that 60-day period. The advice was dated September 14, 2007, covered the pay period ending September 8, 2007, included Stephen Riffle's earnings and deductions for that pay period, and identified his year-to-date earnings and payroll deductions in various categories. Stephen Riffle claims that he had thrown the other payment advices away. The Appellees also filed a chart entitled "Sales Earnings Report." This document was issued by Stephen Riffle's employer and showed his gross earnings for each pay period from January 5, 2007 through August 31, 2007.

After the 45-day period for filing had passed, Community Bank moved to confirm the automatic dismissal of Stephen Riffle's petition for failure to file all of the payment advices received within the 60-day period and, upon dismissal of Stephen Riffle's petition, to dismiss Lora Riffle's petition because she had no income and could not fund a Chapter 13 plan. The Trustee opposed the dismissal on the grounds that the evidence submitted by the Appellees represented full compliance with the statutory requirements of 11 U.S.C. § 521(a)(1)(B)(iv).

The bankruptcy court denied Community Bank's motion to dismiss Stephen Riffle's case on the basis that the filed payment advice and sales earning report were "other evidence of payment" as required under Section 521(a)(1)(B)(iv) and provided year-to-date gross and net pay, including every category of gross pay and applicable deductions. The court also stated that it did not "believe that detailed information per pay period with respect to deductions is critical

3

under Section 521(a)(1)(B)(iv), as long as the year-to-date evidence, as supplied here by the last Pay Stub received before the filing of the petition, provides a complete list of the categories of the deductions from the Debtor's pay for the sixty-day period in question." The court accordingly also denied the motion to dismiss Lora Riffle's case.

Community Bank appealed to the district court, which affirmed on the opinion of the bankruptcy court. On appeal to this Court, Community Bank challenges only the district court's affirmance of the bankruptcy court's denial of the motion to dismiss.

## II. DISCUSSION

### A. Appellate Jurisdiction

Before we can decide whether the bankruptcy court properly denied the motion to dismiss Stephen Riffle's case, we must first determine if we have jurisdiction to hear this appeal. To that end, in advance of oral argument, we ordered the Appellant to submit additional briefing addressing the basis for our jurisdiction to review the order of the district court, and we directed the Appellees to submit a response to the Appellant's submission.

We have previously explained that:

> 28 U.S.C. § 158 defines jurisdiction over appeals in bankruptcy matters. Although interlocutory orders of bankruptcy courts may be appealed to the district courts "with leave of the court," *see* 28 U.S.C. § 158(a), the jurisdiction of the courts of appeals is confined to "appeals from all final decisions, judgments, orders, and decrees" of district courts sitting in review of bankruptcy courts, *id.* § 158(d).

*Bowers v. Conn. Nat'l Bank*, 847 F.2d 1019, 1021 (2d Cir. 1988) (emphasis omitted). In this case, we need not resolve whether the district court's judgment, affirming the bankruptcy court's denial of a motion to dismiss the Riffle's bankruptcy petition, was a "final" decision of the district court within the meaning of 28 U.S.C. § 158(d) that conferred jurisdiction on this Court.

4

Regardless of the finality of that decision, jurisdiction was proper by the time this Court heard the appeal.

When Community Bank filed its notice of appeal of the district court's judgment on September 9, 2008, the bankruptcy court had already confirmed the Riffles' Chapter 13 bankruptcy plan, issuing its order on June 20, 2008. Such a confirmation order is a final order that may be appealed. *See Maiorino v. Branford Sav. Bank*, 691 F.2d 89, 91 (2d Cir. 1982) (suggesting in dicta that such an order is final); *cf. In re Layo*, 460 F.3d 289, 293 (2d Cir. 2006) (holding that Chapter 13 order is a final judgment on the merits for preclusion analysis purposes); *In re Am. Preferred Prescription, Inc.*, 255 F.3d 87, 92 (2d Cir. 2001) ("The confirmation of a plan in a Chapter 11 proceeding is an event comparable to the entry of a final judgment in an ordinary civil litigation."). We have held that "a premature notice of appeal from a nonfinal order may ripen into a valid notice of appeal if a final judgment has been entered by the time the appeal is heard and the appellee suffers no prejudice." *Smith ex rel. Smith v. Half Hollow Hills Cent. Sch. Dist.*, 298 F.3d 168, 172 (2d Cir. 2002) (per curiam) (internal quotation marks omitted); *accord Swede v. Rochester Carpenters Pension Fund*, 467 F.3d 216, 219-20 (2d Cir. 2006). This rule applies even if the final judgment was not itself appealed. *See, e.g., Half Hollow Hills Cent. Sch. Dist.*, 298 F.3d at 171 (noting that no appeal was taken from the final judgment in that case). Assuming that an appeal of the district court's order in this case would have been premature had the Riffles' Chapter 13 plan not already been confirmed, the fact that the bankruptcy court had entered a final order by the time of the appeal ensured that the appeal was ripe at the time it was taken, and all the more so by the time it was heard by this Court.

In light of the entry of the order confirming the Appellees' Chapter 13 plan, and because there will be no prejudice to the Appellees by virtue of our deciding this appeal, we hold that we have appellate jurisdiction over this matter.

**B. Obligations Under 11 U.S.C. § 521(a)(1)(B)(iv)**

We exercise plenary review over a district court's rulings in its capacity as an appellate court in bankruptcy. *See In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 371 (2d Cir. 2005). "[W]e independently examine the bankruptcy court's factual determinations and legal conclusions, accepting the former unless clearly erroneous and reviewing the latter *de novo*." *Id.*

Under 11 U.S.C. § 521(a)(1)(B)(iv), a bankruptcy debtor must, "unless the court orders otherwise," file "copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor." If a voluntary filer under Chapter 7 or Chapter 13 does not comply with this requirement within 45 days after the filing of the petition, the case is automatically dismissed. 11 U.S.C. § 521(i)(1).[1]

We have not previously decided what obligations 11 U.S.C. § 521(a)(1)(B)(iv) imposes upon a debtor, and the statute, to put it mildly, is not a model of syntactical clarity. At least two grammatically valid readings of the statute are possible, each of which would place a different requirement on the debtor.

---

[1] 11 U.S.C. § 521(i)(1) provides that "[s]ubject to paragraphs (2) and (4) and notwithstanding section 707(a), if an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition."

"Statutory analysis begins with the text and its plain meaning, if it has one." *Green v. City of New* York, 465 F.3d 65, 78 (2d Cir. 2006) (quoting *Gottlieb v. Carnival Corp.*, 436 F.3d 335, 337 (2d Cir. 2006)). This text lacks a plain meaning. What makes the statute ambiguous is that it is not clear how the participle "received" functions in context. On one possible reading, the clause "received within 60 days" could be understood to refer to the compound subject "all payment advices or other evidence" (with the word "all" modifying both "payment advices" and "other evidence"). Were we to adopt this reading, which we may call the document-focused interpretation, the effect would be to require the debtor to turn over all payment advices that he received in the 60 days leading up to the filing of his bankruptcy petition, or, if he received no such payment advices, all other evidence he received. On this understanding of the statute, we would have to conclude that the Riffles failed to comply, because it is undisputed that Stephen Riffle received some payment advices that he did not file.

A second possible reading would read "received" to modify "payment." This reading would thus treat the phrase "of payment received" as a unit that: (1) is modified by the phrase "within 60 days of before the date of the filing of the petition, by the debtor from any employer of the debtor"; and (2) so modified, itself modifies the phrase "all payment advices or other evidence" (with the word "all" modifying "payment advices" but not "other evidence"). This approach may feel somewhat more awkward than the first, but it is grammatical, and becomes easily intelligible if one reads "of" as "in respect to," which is among that preposition's definitions. *See* Webster's Third New International Dictionary 1565 (2002). Under this approach, which we may term the payment-focused interpretation, the statute requires a debtor alternatively to file either (1) "all payment advices . . . of payment received within 60 days before the date of the filing of the petition," or (2) "other evidence of payment received within

7

60 days before the date of the filing of the petition." If we adopt this approach, a debtor will be in compliance so long as he files credible evidence that sets forth all "payment received" from his employer in the 60 days prior to the petition. This reading has been embraced by the bankruptcy appellate panel for the Tenth Circuit. *See In re Miller*, 383 B.R. 767, 770-71 (B.A.P. 10th Cir. 2008). On this interpretation, the Riffles prevail, because, as the bankruptcy court found, the documents the Riffles filed provided adequate information regarding all payments from his employer in the required period.

Although neither reading is perfectly satisfying, we conclude that the payment-focused interpretation is superior. The document-focused interpretation may have the benefit of requiring less grammatical parsing, but it also makes less sense according to principles of statutory construction. Under the document-focused approach, where the word "received" modifies "payment advices or other evidence," then either type of document also must be received "from the employer" to satisfy the requirement of the statute. And in that case, it is unclear what type of "other evidence" — received from an employer and reflective of the same time period as the payment advice for which it is substituting — would not itself constitute a "payment advice." In other words, the document-focused interpretation of the statute seems to render the term "other evidence" meaningless. *See In Re Miller*, 383 B.R. at 771; *Triestman v United States*, 124 F.3d 361, 376 (2d Cir. 1997) ("[W]e assume that Congress intended that language which it chose to employ actually was to have meaning; effect must be given, if possible, to every word, clause and sentence of a statute . . . so that no part will be inoperative or superfluous, void or insignificant." (brackets and ellipsis in original)(quoting *Consolidated Rail Corp. v. United States*, 896 F.2d 574, 579 (D.C. Cir. 1990))).

8

The term "payment advice," of course, is not defined in the statute, and it might be suggested instead that only documents generated contemporaneously with the delivery of payment constitute payment advices. *Cf.* Appellant's Br. at 9 n.3. "Other evidence" then might include non-contemporaneous documentation of payment generated by an employer at the debtor's request (for example, a letter generated by the employer's accounting department because the debtor was missing a pay stub). But in that case, there would be no necessary relationship between the time at which the missing payment advice should have been received and the time at which the substitute other evidence was ultimately received. That is, the time at which the documents were received would not ensure that one was a useful substitute for the other, and the statute's focus on what documents the debtor happened to receive in the period immediately prior to his petition would be quite arbitrary. *See Troll Co. v. Uneeda Doll Co.*, 483 F.3d 150, 160 (2d Cir.2007) ("[I]t is an elemental principle of statutory construction that an ambiguous statute must be construed to avoid absurd results.")

The payment-focused interpretation, on the other hand, has the benefit of consistency with the other requirements listed under § 521(a)(1)(B), each of which demands information about the finances of the debtor at the time of his bankruptcy petition that might be relevant to the petition. *See, e.g.*, 11 U.S.C. § 521(a)(1)(B)(i) (directing debtor to file "a schedule of assets and liabilities"); *id.* at (ii) (requiring "a schedule of current income and current expenditures"); *id.* at (v) (requiring "a statement of monthly net income, itemized to show how the amount is calculated"). To the extent that the text of § 521(a)(1)(B)(iv) is ambiguous, the context of these surrounding provisions suggests that subsection (iv) also should be read to focus on relevant information — the actual compensation received by the debtor from his employer immediately prior to his petition — rather than specific documents. *See Natural Res. Def. Council v.*

9

*Muszynski*, 268 F.3d 91, 98 (2d Cir. 2001) ("[W]hen determining which reasonable meaning [of an ambiguous text] should prevail, the text should be placed in the context of the entire statutory structure."). The fact that automatic dismissal is mandated only in the event of a failure to file "all of the *information* required," 11 U.S.C. § 521(i)(1) (emphasis added), also suggests a statutory emphasis on the filing of information relevant to the debtor's petition, rather than a requirement for specific documents.

With the "plain language" of the statute being anything but, we are guided by the foregoing canons to reach the most sensible interpretation. *See Green*, 465 F.3d at 78 ("Only if an attempt to discern the plain language fails because the statute is ambiguous, do we resort to canons of construction."). The canons favor a conclusion that § 521(a)(1)(B)(iv) is better interpreted to require disclosure of certain relevant information than to require production of specific pieces of paper. We accordingly join the Tenth Circuit Bankruptcy Appellate Panel in holding that: (1) the word "received" in § 521(a)(1)(B)(iv) modifies the word "payment," and thus it is the date of receipt of any relevant payment, not the date of receipt of any particular document, that establishes the debtor's obligations under the subsection; and (2) a debtor may satisfy the subsection's requirements by filing *either* (a) "copies of all payment advices . . . of [such] *payment received* . . . by the debtor from any employer" *or* (b) "copies of . . . other [credible] evidence of [such] *payment received* . . . by the debtor from any employer." *In re Miller*, 383 B.R. at 771.

Community Bank also argues that the Appellees did not meet their obligation under § 521(i)(1) to "file all of the information required under subsection (a)(1)." It contends that:

> [t]he Sales Earning Report filed by Mr. Riffle disclosed his gross pay over the four pay periods in question, but provided no information on net pay or his payroll withholdings and deductions. The one payment advice filed provided cumulative

year to date data on payroll deductions and net pay. However, it was not possible to extrapolate from that data all of the information contained on the three missing payroll documents.

The Bankruptcy Code does not require a breakdown of gross and net income on a per-pay period basis.

As discussed above, under § 521(a)(1)(B)(iv), evidence must be submitted of payment for the 60-day period prior to the date that the petition is filed. Further, pursuant to § 521(a)(1)(B)(v), the debtor must identify monthly net income. Community Bank points to no language in the Bankruptcy Code that compels a debtor to provide gross and net income on a per-pay-period basis.

We conclude that by presenting the September 14, 2007 payment advice, which included Stephen Riffle's earnings and deductions for that pay period, and identified his year-to-date earnings and payroll deductions for various categories, and by submitting the "Sales Earnings Report," which showed his gross earnings for each pay period from January 5, 2007 through August 31, 2007, Appellees "create[d] a very clear picture as to the amount of income [the] [d]ebtor[s] received in the sixty days prepetition," *In re Miller*, 383 B.R. at 772, and thus met their obligations under § 521(a)(1)(B)(iv).

III.    **CONCLUSION**

We affirm the judgment of the district court.

11