19-1069-bk
*Patrusky v. Jungle Treats*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25ᵗʰ day of February, two thousand twenty.

PRESENT:   JOSÉ A. CABRANES,
                      ROBERT D. SACK,
                      RAYMOND J. LOHIER, JR.,
                                      *Circuit Judges.*

---

IN RE: ROBIN A. PATRUSKY,

                      *Debtor.*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ROBIN A. PATRUSKY,

                      *Debtor-Appellant,*                                    19-1069-bk

                      v.

JUNGLE TREATS, INC.,

                      *Appellee.*

---

FOR DEBTOR-APPELLANT:                     J. LOGAN RAPPAPORT, Pryor & Mandelup,
                                                                   LLP, Westbury, NY.

FOR APPELLEE:                                        AMISH DOSHI, Doshi Legal Group, P.C.,
                                                                   Lake Success, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*), affirming order of the Bankruptcy Court (Alan S. Trust, *Bankruptcy Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED.**

Robin A. Patrusky ("Patrusky") appeals from a March 25, 2019 order of the District Court (Joanna Seybert, *Judge*) affirming the March 28, 2018 order of the Bankruptcy Court (Alan S. Trust, *Bankruptcy Judge*) denying Patrusky's motion to avoid Appellee Jungle Treats, Inc.'s ("Jungle Treats") judicial lien in the principal amount of $ 480,364.80 in Patrusky's Chapter 7 Bankruptcy Proceeding (Bankruptcy No. 16-75552). We affirm the order of the District Court for substantially the reasons provided in its March 25, 2019 order.

## I.      Background[1]

Patrusky owned a candy company called Nutritious Creations, Ltd. ("Nutritious"). In 2008, she entered into an agreement with Jungle Treats to manufacture nut bars. When the parties' business relationship ended, Jungle Treats commenced a New York State Court action against Patrusky and Nutritious. Ultimately, Jungle Treats obtained a judgment against both Patrusky and Nutritious. Jungle Treats' $480,364.80 judgment lien was entered by the Suffolk County Clerk's Office on May 11, 2015 (the "Lien").

At the time, Patrusky lived at 12 Redan Drive, Smithtown, New York ("the Home"), a house she purchased in 2004 for $ 815,000.00. According to Patrusky, as "her business began to fail" and "her income diminished, she recognized the necessity of selling the Home and placed [it] on the market." Appellant's District Court Br. at 6. In October 2013 (before the Lien was entered), she transferred the home to her daughter Jessica Cantanzaro and son-in-law Michael Cantanzaro (the "children") for a sale price of $ 615,000.00 (the "2013 Transfer"), though in September 2013, the house had been appraised at approximately $ 800,000.00. The sale price was further reduced by a "gift of equity" of $ 92,250.00 and a seller's concession of $ 24,757.20. Thus, the children paid the then-outstanding mortgage of approximately $ 497,000.00.

In March 2016, Jungle Treats learned of the 2013 Transfer and commenced a state court action against Patrusky and the children for violations of the New York Debtor and Creditor Law ("DCL"). Jungle Treats alleged that the 2013 Transfer was fraudulent. Patrusky and the children

---

[1] The following facts are substantially taken from the District Court order. Joint Appendix at 106-08.

answered. The parties represent that the action has been stayed by Patrusky's bankruptcy petition. Patrusky has not admitted in the state court action to the fraudulent conveyance, and no such adjudication has been reached in that action.

In May 2016 (after the Lien was entered, and after Jungle Treats brought the state court action for the 2013 Transfer), the children conveyed the Home back to Patrusky for no consideration (the "2016 Transfer"). The children continued to reside in the Home, and Patrusky lived in the basement, which had a bedroom and bathroom but no kitchen. After the 2016 Transfer, the children continued to make payments associated with the Home, including the mortgage, utilities, and taxes.

Six months after the 2016 Transfer, on November 30, 2016, Patrusky filed her bankruptcy petition. On June 13, 2017, Patrusky filed a motion for an order avoiding Jungle Treats' lien pursuant to 11 U.S.C. § 522(f), which provides that "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section." Subsection (b) includes state laws protecting interests in homestead estates. In her Affirmation, Patrusky claimed that at the time she filed her Petition, she was the "sole owner in fee simple" of the Home. Record on Appeal ("D.E.") 3 at 66, ¶ 5. Patrusky averred that the Home was encumbered by two mortgages: a $ 546,636.09 Chase Mortgage and a $ 115,924.99 Capitol One home equity line of credit. She also attached an appraisal indicating the fair market value of the home was $ 810,000.00. She then claimed that "[s]ince the Real Property is owned and occupied by the Debtor as her principal residence, she is entitled to a homestead exemption in the amount of $ 165,500.00 pursuant to New York CPLR § 5206(a)." D.E. 3 at 66, ¶ 10. Because the sum of all the liens and the claimed homestead exemption exceeded the appraised value of the Home, Patrusky sought to avoid Jungle Treats' judicial Lien pursuant to 11 U.S.C. § 522(f).

The Bankruptcy and District Court both found our decision, *In re Scarpino*, 113 F.3d 338 (2d Cir. 1997), to be on point and controlling. Under this precedent, they rejected Patrusky's motion to avoid the Lien. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## II.    DISCUSSION

"We exercise plenary review over a district court's rulings in its capacity as an appellate court in bankruptcy." *Cmty. Bank, N.A., v. Riffle,* 617 F.3d 171, 174 (2d Cir. 2010). "We independently examine the bankruptcy court's factual determinations and legal conclusions, accepting the former unless clearly erroneous and reviewing the latter *de novo.*" *Id.*

New York law provides a judgment debtor with a homestead exemption under N.Y. C.P.L.R. 5206(a) (McKinney 1978), and the Bankruptcy Code allows a debtor to "avoid the fixing

of" a judgment lien to the extent that the lien would impair an exemption (such as the New York homestead exemption) to which the debtor would otherwise be entitled. *See* 11 U.S.C. § 522(f).[2]

Our analysis as to whether Patrusky can avoid Jungle Treats' judicial Lien pursuant to § 522(f) starts with the Supreme Court's decision in *Farrey v. Sanderfoot,* 500 U.S. 291 (1991). This Court noted that "in *Farrey*, the Supreme Court reasoned that, by referring to the 'fixing' of the lien, § 522(f) contemplates a property interest that *existed before the lien attached*, and the Court concluded that if the creation of the interest and the creation of the lien are simultaneous, there can be no avoidance of the lien under that section." *In re Scarpino*, 113 F.3d at 340 (emphasis added).

The District Court also found *In re Scarpino* controlling. *Scarpino* established, under factual circumstances like those in this appeal, precisely when a judgement lien that a debtor seeks to avoid on a homestead property is "fixed" for purposes of § 522(f).

In *Scarpino*, the creditor obtained a judgment against debtor and docketed their judgment in Monroe County, NY in 1990. The judgment went unsatisfied. In 1994, the debtor purchased a parcel of real property in Monroe County, which was his homestead. It was the first time that debtor ever obtained any interest in that parcel. Debtor filed for bankruptcy shortly thereafter and petitioned the court to avoid creditor's lien on his homestead under the same statutes at issue in the present appeal: § 522(f) and N.Y. C.P.L.R 5206 (the New York homestead exemption). We rejected his motion.

Relying on the Supreme Court's decision in *Farrey v. Sanderfoot*, the *Scarpino* Court set forth two rules that are relevant in this appeal. First, a lien on one's homestead can only be avoided under § 522(f) where the lien attached to the real property *after* the debtor acquired their interest in the real property; if the lien attached prior to, or even simultaneous with, the debtor's acquisition, the lien cannot not be avoided. *In re Scarpino*, 113 F.3d at 340. Put another way, the lien can only be avoided if the debtor obtained their interest in the real property *before* the lien attached. Second, we held that under New York law, where a judgment creditor has registered and docketed their judgment, a judgment lien instantly attaches to any of the debtor's after-acquired real property situated in the county where the judgment is docketed. That is, a debtor's post-judgment acquisition of an interest in the property is *simultaneous* with the imposition of a lien on that property. *Id.* at 341. Accordingly, we held in *Scarpino* that because the debtor's parcel was acquired after the entry of judgment, the

---

[2] Specifically, § 522(f) provides, to the extent pertinent here, that "the debtor *may avoid the fixing of a lien* on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is . . . a judicial lien[.]" (emphasis added).

4

judicial lien he sought to avoid had "fixed" simultaneously with his interest in the parcel. Consequently, he was unable to avoid the lien under § 522(f). *Id.* at 342.

Straightforward application of this controlling precedent would seem at first blush to mandate dismissal of Patrusky's claim: She conveyed the Home in 2013; judgment was docketed in 2015; and she reacquired the Home in 2016, at which point the Lien instantly attached to her interest. *Id.* at 340. Because her 2016 interest was acquired simultaneously with, rather than prior to, the attachment of the judicial Lien, she cannot avoid the Lien under § 522(f).

Patrusky, recognizing this dilemma, advances a specious argument: She avers that her 2013 Transfer was a "constructive fraudulent conveyance," *Appellant's Brief at 43*, and that as a matter of DCL § 278, she retained some sort of equitable interest in the Home, despite the ostensible title having been conveyed to her daughter. Essentially, she argues that her own fraudulent conveyance was void *ab initio*. According to Patrusky, because she bought the Home in 2008 and maintained some residual or equitable interest, despite the 2013 Transfer, she did in fact have some interest in the Home prior to the 2015 judgment and *prior to the fixing of the Lien*. Consequently, she argues, she can avoid the Lien consistent with both *Farrey* and *Scarpino*.

Patrusky cites several cases to support the proposition that fraudulent transferors retain *some* interest in the transferred property. This argument is rooted in the contention that such transfers are void *ab initio*, as opposed to *voidable* by the creditor. Although there is language in some older decisions that support that notion, the weight of modern decisions indicates fraudulent conveyances in New York are voidable, not void. In discussing fraudulent conveyances under the New York DCL, we determined that a "[fraudulent] conveyance is not void per se, but voidable by creditors of the transferor." *Eberhard v. Marcu*, 530 F.3d 122, 129 (2d Cir. 2008); *see also In re Adelphia Recovery Tr.,* 634 F.3d 678, 691 (2d Cir. 2011) ("A fraudulent transfer is not void, but voidable") (internal quotation marks and citation omitted); *In re Hirsch*, 339 B.R. 18, 29 (E.D.N.Y. 2006) (collecting cases showing that the "weight of authority" holds fraudulent transfers are voidable, not void, under New York law). In *Eberhard v. Marcu*, we held that a receiver could not use the NY DCL to set aside a fraudulent conveyance where the receiver represented only the transferor. *Eberhard*, 530 F.3d at 129. Citing the history of the DCL and tracing its roots to the Statute of Elizabeth, we held that "fraudulent conveyances are binding on all non-creditors, including the transferor himself." *Id.*

We conclude that Patrusky's "constructive fraudulent conveyance" in October 2013 was not void *ab initio* and that, following that transfer, Patrusky retained no interest in the property from which she can now benefit under the DCL, and subsequently § 522(f).[3] Accordingly, the judicial Lien

---

[3] We express no view as to whether the 2013 Transfer was an actual fraudulent transfer under New York law. Patrusky has not conceded in this appeal, nor in the stayed state-court proceeding, that the 2013 Transfer was actually fraudulent. Rather, she argues that the sale was a *constructive* fraudulent conveyance from which she retained some residual interest.

in question attached simultaneously with her interest in the Home when she reacquired the Home in 2016. *In re Scarpino*, 113 F.3d at 340. Because her interest in the property was acquired simultaneously with, rather than prior to, the fixing of judicial Lien, she cannot avoid the Lien under § 522(f). *Id.* at 342; *see also Farrey*, 510 U.S. 299-300.

## CONCLUSION

We have reviewed all of the arguments raised by Patrusky on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the March 25, 2019 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk