23-847
United States v. Astrup

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of June, two thousand twenty-four.

PRESENT:

> DENNIS JACOBS,
> MYRNA PÉREZ,
> MARIA ARAÚJO KAHN,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.                                                              No. 23-847

PAUL S. ASTRUP,

*Defendant-Appellant*,

ROSEANNE B. ASTRUP, NEW YORK STATE COMMISSIONER OF TAXATION AND FINANCE, TOWN OF SOUTHAMPTON,

*Defendants*.

---

FOR DEFENDANT-APPELLANT:     Paul Astrup, pro se, Riverhead, NY.

FOR PLAINTIFF-APPELLEE:     Bruce R. Ellisen, Bethany B. Hauser, Attorneys, *for* David A. Hubbert, Deputy Assistant Attorney General, Tax Division, Department of Justice, Washington, D.C., and Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brian M. Cogan, *Judge*; Lois Bloom, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

On appeal, Defendant-Appellant Paul S. Astrup challenges the district court's grant of summary judgment and the magistrate judge's issuance of a protective order.

This action arose after the Government filed a complaint pursuant to 26 U.S.C. §§ 7401 and 7403 against Astrup and his wife (and other parties not relevant here): (1) to reduce to judgment unpaid federal tax liabilities and penalties for frivolous filings; and (2) to enforce a lien against real property in satisfaction of those tax liabilities.

During those proceedings, the Government moved for a protective order to prevent Astrup from deposing IRS Commissioner Charles P. Rettig regarding various constitutional and jurisdictional subject areas. A magistrate judge granted the motion, concluding that Astrup's arguments were a waste of court resources and improper topics for discovery, and denied reconsideration. The Government subsequently moved for summary judgment against Astrup. The district court granted the motion, concluding that the Government had satisfied its burden of showing the validity of the tax liabilities and penalties and discerning "no non-frivolous basis for

2

Astrup to challenge the tax liens placed against his jointly held Long Island residence." *United States v. Astrup*, No. 18-cv-1531 (BMC) (LB), 2023 WL 2574878, at *3–4 (E.D.N.Y. Mar. 20, 2023).

Astrup appealed the district court's judgment and raised objections to the protective order. While Astrup's appeal was pending before this Court, the district court entered a final sale order.[1] We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.

## I. Summary Judgment Decision

We review a district court's grant of summary judgment de novo, construing facts in the light most favorable to the non-moving party and resolving ambiguities and drawing all reasonable inferences against the moving party. *Kee v. City of New York*, 12 F.4th 150, 157–58 (2d Cir. 2021). Summary judgment is granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### A. Astrup Failed to Present Any Genuine Dispute of Material Fact as to the Validity of the IRS's Tax Assessment.

On appeal, Astrup fails to present any genuine dispute of material fact sufficient to defeat summary judgment. He does not, for example, dispute the IRS's tax assessments, which enjoy the

---

[1] Although neither party disputes subject-matter jurisdiction, we must consider it sua sponte. *See Marquez v. Silver*, 96 F.4th 579, 582 (2d Cir. 2024). Astrup's notice of appeal, filed before the district court's approval of the final order of sale, may have been premature; but "a premature notice of appeal from a nonfinal order may ripen into a valid notice of appeal if a final judgment has been entered by the time the appeal is heard and the appellee suffers no prejudice." *Cmty. Bank, N.A. v. Riffle*, 617 F.3d 171, 173–74 (2d Cir. 2010) (per curiam) (citation omitted). "This rule applies even if the final judgment was not itself appealed." *Id.* at 174. Because the district court had already approved the sale by the time we heard this appeal, there is no issue of subject-matter jurisdiction. Moreover, we do not review Astrup's request for a stay of the sale of his property, as that issue has become moot, and it is no longer possible for us "to grant any effectual relief." *In re Chateaugay Corp.*, 10 F.3d 944, 949 (2d Cir. 1993) (internal quotation marks and citation omitted).

3

"presumption of correctness" unless the taxpayer proves otherwise by a preponderance of the evidence. *United States v. McCombs*, 30 F.3d 310, 318 (2d Cir. 1994); *In re WorldCom, Inc.*, 723 F.3d 346, 352 (2d Cir. 2013) ("[F]ederal tax assessments are presumed to be correct and constitute prima facie evidence of liability. The taxpayer bears the burden to prove that the assessment was incorrect."). Because a "pro se litigant abandons an issue by failing to address it in the appellate brief," Astrup has forfeited any challenge to the merits of the district court's decision. *Green v. Dep't of Educ.*, 16 F.4th 1070, 1074 (2d Cir. 2021) (per curiam) (citation omitted).

Moreover, Astrup's tax protestor arguments also fail to create a genuine dispute of material fact. The constitutionality of the United States tax system has been upheld numerous times against various theories of unconstitutionality, including the one raised by Astrup that the Sixteenth Amendment of the United States Constitution—which grants Congress the "power to lay and collect taxes on incomes," U.S. Const. amend. XVI—was not properly ratified. *See Brushaber v. Union Pac. R.R., Co.*, 240 U.S. 1, 12–19 (1916); *United States v. Sitka*, 845 F.2d 43, 45–47 (2d Cir. 1988).

And the Supreme Court has previously held that the Petition clause does not provide a right to a response or official consideration. *See Smith v. Ark. Highway Emps.*, 441 U.S. 463, 465 (1979) ("[T]he First Amendment does not impose any affirmative obligation on the government to listen, to respond or, in this context, to recognize the association and bargain with it."); *Minn. State Bd. for Cmty. Colls. v. Knight*, 465 U.S. 271, 272 (1984) ("Nothing in the First Amendment or in this Court's case law interpreting it suggests that the rights to speak, associate, and petition require government policymakers to listen or respond to individuals' communications on public issues."); *see also Futia v. United States*, No. 23-860, 2024 WL 2151115, at *2 (2d Cir. May 14, 2024) (rejecting similar arguments pertaining to the Petition Clause raised by another litigant).

Accordingly, we agree with the district court that there exists "no non-frivolous basis for Astrup to challenge the tax liens placed against his jointly held Long Island residence," *Astrup*, 2023 WL 2574878, at *3–4, and conclude that his tax-protestor arguments fail to create a genuine dispute of material fact sufficient to defeat summary judgment.

### B. Astrup Was Not Entitled to a Jury Trial.

Astrup also was not entitled to a jury trial. A defendant's right to a jury trial does not prevent a district court from granting a motion for summary judgment "[w]here no genuine issue of material fact exists." *Shore v. Parklane Hosiery Co.*, 565 F.2d 815, 819 (2d Cir. 1977).

## II. Protective Order

Moreover, Astrup forfeited review of his challenge to the protective order because he failed to seek review of it from the district court. *See* Fed. R. Civ. P. 72(a); *Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) (concluding that a pro se litigant "who fails to object timely to a magistrate's order on a non-dispositive matter waives the right to appellate review of that order, even absent express notice from the magistrate judge that failure to object within ten days will preclude appellate review").

Regardless, there are no exceptional circumstances justifying the deposition of high-ranking government officials, and it was within the magistrate judge's discretion to issue a protective order. *See* Fed. R. Civ. P. 26(c); *Lederman v. N.Y.C. Dep't of Parks & Recreation*, 731 F.3d 199, 203–04 (2d Cir. 2013) (concluding that district court did not abuse its discretion in issuing protective order barring depositions of high-ranking government officials where party seeking depositions failed to demonstrate exceptional circumstances).

\* \* \*

5

We have considered Astrup's remaining arguments and conclude they are without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court