Tarasik ABDELL, et al., Plaintiffs,

v.

The CITY OF NEW YORK,
et al., Defendants.

No. 05 Civ. 8453(RJS)(JCF).

United States District Court,
S.D. New York.

Dec. 22, 2010.

Alan H. Levine, Law Offices of Alan Levine, New York, NY, Martin R. Stolar, Law Office of Martin R. Stolar, New York, NY, Michael L. Spiegel, New York, NY, Norman Frederick Eugen Best, Law Office of Susan Douglas Taylor, New York, N.Y. and Susan Douglas Taylor, Law Office of Susan Douglas Taylor, New York, NY, for Plaintiffs.

James Mirro, Jay Alan Kranis, Fred Michael Weiler, Jeffrey Anthony Dougherty, and Raju Sundaran, New York City Law Department, New York, NY, for Defendants.

MEMORANDUM AND ORDER

RICHARD J. SULLIVAN, District Judge.

Plaintiffs are a group of 127 individuals who were arrested by the New York City Police Department ("NYPD") in connection with a protest held during the 2004 Republican National Convention ("RNC"). Plaintiffs bring this action against Defendants the City of New York, Mayor Michael Bloomberg, NYPD Commissioner Raymond Kelly, Assistant Police Chief John Colgan, Assistant Police Chief Terrence Monahan, and various named and unnamed New York City police officers, alleging violations of their rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution and parallel provisions of the New York State Constitution.

Before the Court is Plaintiffs' motion to amend the Fourth Amended Complaint to add Inspector Thomas Galati as a Defendant on Plaintiffs' state law claims. For the reasons set forth below. Plaintiffs' motion is granted.

I. BACKGROUND

This action is part of a larger group of cases relating to mass protests that occurred during the RNC, which was held at Madison Square Garden from August 30, 2004 to September 2, 2004. These cases have been assigned to this Court as related and consolidated for discovery purposes. The Court presumes the parties' familiarity with the facts and procedural history of this action. Accordingly, the Court will briefly recite only those facts necessary to the resolution of Plaintiffs' present motion.[1]

Plaintiffs gathered in the vicinity of the World Trade Center site on August 31, 2004, for a demonstration organized by the War Resisters League and the School of the Americas Watch. Following negotiations between Plaintiff Ed Hedemann and NYPD officials, Galati made an announcement permitting the march to begin. The march proceeded through the intersection of Fulton and Church Streets until NYPD officers halted the demonstration and surrounded more than 200 people—including protesters, observers, and bystanders—with orange mesh nets. Monahan announced that they were all under arrest.

Plaintiffs commenced this action by filing a Complaint in the Southern District of New York on September 30, 2005, naming Monahan but not Galati as an individual Defendant. At a joint deposition in the consolidated RNC cases on November 29, 2005, Galati testified that he and Monahan

---

1. Unless otherwise indicated, the following facts are derived from the Fourth Amended Complaint, while later analysis refers to the allegations included in the original Complaint ("Compl.").

had a conversation and jointly agreed to order the arrests. (*See* Pls.' Mem. at 2–3, March 17, 2006. Doc. No. 19.) On March 17, 2006. Plaintiffs filed an initial motion to amend the Complaint by adding Galati as a Defendant on both the federal and state law claims. In an opinion dated September 11, 2006 (*"Abdell I"*), the Honorable Kenneth M. Karas, District Judge, denied the motion as to Plaintiffs' state law claims on the grounds that the applicable statute of limitations had expired and neither federal nor state relation back doctrine applied. *Abdell v. City of New York,* No. 05 Civ. 8453(KMK)(JCF), 2006 WL 2620927 (S.D.N.Y. Sept. 12, 2006).

Plaintiffs subsequently filed an Amended Complaint on October 4, 2006, a Second Amended Complaint on December 20, 2006, a Third Amended Complaint on January 28, 2008, and a Fourth Amended Complaint on May 27, 2009. The case was reassigned to my docket on October 2, 2007.

On June 7, 2010, the United States Supreme Court issued a decision in *Krupski v. Costa Crociere S.p.A.,* clarifying the standard for relation back under Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure. —— U.S. ——, 130 S.Ct. 2485, 177 L.Ed.2d 48 (2010). Plaintiffs thereafter submitted a pre-motion letter dated June 30, 2010, seeking leave to amend the initial Complaint by adding Galati as a Defendant under the new relation back standard enunciated in *Krupski.* Defendants submitted a response letter dated July 9, 2010. By Order dated July 14, 2010, the Court ordered both parties to make additional submissions regarding the

proposed motion to amend. The motion was fully submitted on August 20, 2010.[2]

## II. DISCUSSION

### A. Motion for Relief from a Final Judgment Under Rule 60(b)(6)

Plaintiffs styled their initial submission as a motion for relief from a final judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. (Pls.' Ltr., June 30, 2010, at 3.) In a subsequent letter, however, Plaintiffs conceded that "further research has revealed that plaintiffs' application is not governed by Rule 60(b)(6), but rests entirely in the Court's discretion." (Pls.' Ltr., Aug. 5, 2010, at 1–2.) Accordingly, the Court will first assess the applicability of Rule 60(b)(6) to the instant motion.

■■■ Rule 60(b)(6) permits a court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6). A "final order" within the meaning of the Rule "is one that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Nelson v. Unum Life Ins. Co. of America,* 468 F.3d 117, 119 (2d Cir.2006) (per curiam) (quoting *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978)). Under the collateral order doctrine, however, a "narrow class" of district court decisions that do not terminate the litigation may also be treated as final decisions. *Digital Equipment Corp. v. Desktop Direct, Inc.,* 511 U.S. 863, 867, 114 S.Ct. 1992, 128 L.Ed.2d 842 (1994). That narrow

---

**2.** In ruling on the instant motion, the Court has considered the five letter submissions of the parties, including Plaintiffs' pre-motion letter dated June 30, 2010 ("Pls.' Ltr., June 30, 2010"), Defendants' response letter dated July 9, 2010 ("Defs.' Resp., July 9, 2010"), Plaintiffs' letter dated August 5, 2010 ("Pls.'

Ltr., Aug. 5, 2010"), Defendants' response letter dated August 20, 2010 ("Defs.' Resp., Aug. 20, 2010"), and Defendants' supplemental response letter dated September 1, 2010 ("Defs.' Resp., Sept. 1, 2010"), as well as various exhibits accompanying these submissions.

class is limited to those orders "that are conclusive, that resolve important questions completely separate from the merits, and that would render such important questions effectively unreviewable on appeal from final judgment in the underlying action." *Id.*

■ In this case, denial of the initial motion to amend did not terminate the litigation, which has continued to march through an extended period of discovery. Neither does the instant denial fall within the collateral order exception to the final judgment rule. *See Kahn v. Chase Manhattan Bank, N.A.*, 91 F.3d 385, 388–89 (2d Cir.1996). Because denial of a motion to amend cannot be characterized as a "final judgment," the Court finds that Rule 60(b)(6) does not govern the instant motion.[3] Accordingly, the Court construes Plaintiffs' motion as a motion to amend the Fourth Amended Complaint pursuant to Rule 15(c)(1).

### B. Motion to Amend Under Rule 15(c)(1)

■ "If a complaint is amended to include an additional defendant after the statute of limitations has run, the amended complaint is not time barred if it 'relates back' to a timely filed complaint." *VKK Corp. v. Nat'l Football League*, 244 F.3d 114, 128 (2d Cir.2001). Federal relation back doctrine is governed by Rule 15(c)(1), which lays out the requirements for an untimely amendment to "relate back" to the date of the original pleading. An amendment adding a party to the complaint after the statute of limitations has

run relates back to the timely filed complaint if (1) the amendment asserts a claim arising from the "conduct, transaction or occurrence" in the original pleading; and (2) within 120 days after the complaint is filed, the party to be added (i) "received such notice of the action that it will not be prejudiced in defending on the merits" and (ii) "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed.R.Civ.P. 15(c)(1)(B–C).

■ In this case, the parties do not dispute that the initial motion to amend the Complaint to add Galati was proposed after the statute of limitations had run.[4] It is similarly evident that the amended claim concerns the same conduct at issue in the original Complaint, because both Monahan and Galati allegedly participated in the decision to arrest Plaintiffs. (Pls.' Ltr., June 30, 2010, at 2.) Thus, the threshold requirements for the application of Rule 15(c)(1) are easily satisfied.

■ Nor can it be disputed that Galati received timely notice of the action. Rule 15 requires that the party to be added receive notice of the action within 120 days after the Complaint is filed, the time period provided by Rule 4(m). *See* Fed.R.Civ.P. 15(c)(1)(C); Fed.R.Civ.P. 4(m). Indeed, the "linchpin" of relation back doctrine is notice within the limitations period, so that the later-named party will not be prejudiced in defending the case on the merits. *Velez v. Fogarty*, No. 06 Civ. 13186(LAK)(HBP), 2008 WL 5062601, at

---

**3.** Because Rule 60(b)(6) does not apply, the Court does not reach the merits of the "extraordinary circumstances" inquiry addressed in the parties' letter submissions. (*See* Defs.' Resp., Aug. 20, 2010, at 1–2; Pls.' Ltr., Aug. 5, 2010, at 2; Defs.' Resp., July 9, 2010, at 1–2.)

**4.** Plaintiffs' claims accrued on September 1, 2004, the day they were released from police custody, and the statute of limitations ran one year and ninety days later, on November 29, 2005. *Abdell*, 2006 WL 2620927, at *3. As noted above, Plaintiffs filed their initial motion to amend on March 17, 2006.

*5 (S.D.N.Y. Nov. 20, 2008) (quoting *Schiavone v. Fortune*, 477 U.S. 21, 31, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986)).

Here, the original Complaint was filed on September 30, 2005, and Galati testified at a joint deposition taken by counsel in the consolidated RNC cases on November 29, 2005. (Defs.' Resp., Aug. 20, 2010, Ex. A.) Because Plaintiffs' counsel informed Galati about the instant suit at the outset of the deposition (*id.*), and because Galati testified regarding his role in the instant arrest decision, the Court finds that Galati had actual notice of this action within the limitations period. *See Capitol Records, Inc. v. Naxos of Am., Inc.*, 262 F.Supp.2d 204, 216 (S.D.N.Y.2003) ("[T]he test is whether the facts alleged in the original complaint give sufficient notice of the conduct and transactions underlying the amendment to avoid unfair and prejudicial surprise to the defendant.").

 Moreover, the Court can also impute knowledge of the instant suit to Galati through his attorney. "Under the constructive notice doctrine, the court can impute knowledge of a lawsuit to a new defendant government official through his attorney, when the attorney also represented the officials originally sued, so long as there is some showing that the attorney[ ] knew that the additional defendants would be added to the existing suit." *Berry v. Village of Millbrook*, No. 09 Civ. 4234(KMK), 2010 WL 3932289, at *5 & n. 6 (S.D.N.Y. Sept. 29, 2010) (internal citations and quotation marks omitted); *see also Baez v. Kahanowicz*, 469 F.Supp.2d 171, 177 (S.D.N.Y.2007) ("[N]otice has been imputed to a new defendant when he

shares an attorney with the named defendant, such as when both defendants are government officials represented by the same government attorney ...."). The constructive notice doctrine relies on "the theory that the newly added defendant is not prejudiced by the lack of notice if his attorney has already begun preparing a defense for the named defendant during the limitations period." *Velez*, 2008 WL 5062601, at *6.

In this case, the New York City Law Department represents both the City Defendants named in the initial Complaint and Galati himself with respect to the parallel federal claims. *See Abdell*, 2006 WL 2620927, at *4. Because of this joint representation, and because the original Complaint clearly identified the reason Monahan was named as a Defendant,[5] the City Law Department knew or should have known that Galati would later be named. *See Pape v. Board of Educ. of the Wappingers Central School Dist.*, No. 07 Civ. 8828(KMK), 2009 WL 3151200, at *13 (S.D.N.Y. Sept. 29, 2009) ("The inquiry is not ... whether defense counsel had actual knowledge but whether he 'knew or should have known' that the additional defendants would be added within the statute of limitations period.") (internal citations omitted).

For these reasons, the Court reiterates the holding of the *Abdell I* opinion that Galati had timely notice of this action within the meaning of Rule 15(c)(1).[6] Accordingly, the federal relation back analysis will turn on whether Galati "knew or should have known that the action would have been brought against [him], but for a

---

**5.** "Upon information and belief, defendant Monahan ordered this mass arrest ...." (Compl.¶ 25.)

**6.** The Court further notes that Galati cannot reasonably claim to "be prejudiced in defend-

ing [the case] on the merits," Fed.R.Civ.P. 15(c)(1)(C)(i), since the proposed amendment would require no amended pleadings and no further discovery. (Pls.' Ltr., Aug. 5,2010, at 1.)

mistake concerning the proper party's identity." Fed.R.Civ.P. 15(c)(1)(C)(ii). Such an inquiry ultimately depends on the meaning of "mistake" following the *Krupski* decision.

### C. The *Krupski* Decision

In *Krupski*, the plaintiff brought suit against a corporate entity for injuries sustained on board a cruise ship. Although the initial suit named Costa Cruise, the North American sales and marketing agent for Costa Crociere, the actual carrier and proper defendant, the Court found that the petitioner's decision to name Costa Cruise constituted a "mistake" within the meaning of Rule 15(c). *Krupski*, 130 S.Ct. at 2498. Accordingly, the amendment adding Costa Crociere as a defendant properly related back to the date of the original pleading. Writing for a unanimous Court, Justice Sotomayor held that "relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." *Krupski*, 130 S.Ct. at 2490.

Plaintiffs argue that the *Krupski* holding "overruled, by implication, existing law in the Second Circuit," including the cases that controlled the *Abdell I* decision. (Pls.' Ltr., June 30, 2010, at 1.) Defendants disagree, arguing that (1) *Krupski* does not alter established Second Circuit precedent (Defs.' Resp., Aug. 20, 2010, at 5); and (2) the facts of this case support Galati's reasonable belief that his omission from the original pleading was a conscious choice rather than a mistake (*id.* at 2). For the following reasons, the Court finds both counterarguments unpersuasive.

### 1. Second Circuit Precedent Before and Alter *Krupski*

Defendants labor to distinguish *Krupski*, arguing that the decision "does not undo the line of cases Judge Karas relied upon in reaching the conclusion that the *Abdell* Plaintiffs could not add Galati . . . because they lacked knowledge regarding his liability." (*Id.* at 5.) In *Abdell I*, Judge Karas followed the existing Second Circuit rule that "lack of knowledge does not constitute a 'mistake' for relation back purposes.'" *Abdell*, 2006 WL 2620927, at *5 (internal citation omitted). Defendants claim that *Krupski* preserves this rule by finding a Rule 15(c) mistake only where plaintiffs misidentified the proper defendant. In their view, this case is distinguishable from *Krupski* because "the *Abdell* Plaintiffs did not attempt to correct a misidentification or misnomer, but instead attempted to add a completely new defendant where they 'lacked knowledge' of his potential liability at the time they filed their original pleading." (Defs.' Resp., Aug. 20, 2010, at 5–6.) Accordingly, the question before the Court is whether *Krupski* now permits relation back where plaintiffs lacked knowledge regarding the liability of a prospective defendant at the time of filing.

In the wake of the *Krupski* decision, only a handful of courts have considered this issue. Courts in the Sixth Circuit have adopted a narrow view of *Krupski*, holding that lack of knowledge regarding the involvement of additional parties 'Ms not the type of 'mistaken identity' that Rule 15 is intended to address." *Venezia v. 12th & Div. Properties, LLC*, No. 09 Civ. 430, 2010 WL 3122787, at *4 (M.D.Tenn. Aug. 6, 2010); *see also Burdine v. Kaiser*, No. 09 Civ. 1026, 2010 WL 2606257, at *2 (N.D. Ohio June 25, 2010) ("The Sixth Circuit . . . does not consider adding new parties as correcting mistaken identity under Rule 15(c)."). A recent case in the Eastern District of New York approved the narrow interpretation of *Krupski* and concluded that the prior Second

Circuit rule "that lack of knowledge is not a mistake is still intact." *Dominguez v. City of New York*, No. 10 Civ. 2620(BMC), 2010 WL 3419677, at *3 (E.D.N.Y., Aug. 27, 2010); (*see* Defs.' Rcsp.,Sept. 1,2010, at 1–2).

█ Careful review of the *Krupski* opinion, however, belies this narrow understanding of a Rule 15(c) "mistake." The Supreme Court expressly contemplated relation back where a plaintiff knows the existence of a prospective defendant but lacks knowledge of that defendant's liability at the time of filing:

> That a plaintiff knows of a party's existence does not preclude her from making a mistake with respect to that party's identity. A plaintiff may know that a prospective defendant—call him party A—exists, while erroneously believing him to have the status of party B. Similarly, a plaintiff may know generally what party A does while misunderstanding the roles that party A and party B played in the "conduct, transaction, or occurrence" giving rise to her claim. If the plaintiff sues party B instead of party A under these circumstances, she has made a "mistake concerning the proper party's identity" notwithstanding her knowledge of the existence of both parties.

*Krupski*, 130 S.Ct. at 2494. After *Krupski*, it is clear that a mistake "concerning the proper party's identity" under Rule 15(c) includes lack of knowledge regarding the conduct or liability of that party. Fed. R.Civ.P. 15(c)(1)(C)(ii); *see Berry*, 2010 WL 3932289 at *5.

█ In this case, Plaintiffs were certainly aware of Galati's existence at the time of filing, since he made the preliminary announcement to the crowd on the day of the demonstration. (Pls.' Ltr., June 30, 2010. at 1–2.) The most logical explanation for their failure to name Galati in the original Complaint is that Plaintiffs misunderstood his role in the arrest decision giving rise to their claim. Accordingly, the Court holds that Plaintiffs committed a mistake within the meaning of Rule 15(c) as modified by the *Krupski* decision. The only remaining question, then, is whether Galati "knew or should have known that, absent some mistake, the action would have been brought against him." *Krupski*, 130 S.Ct. at 2494.

2. Reasonableness of Galati's Belief

█ "After *Krupski*, the focus of the Rule 15 inquiry is a potential *defendant's* reasonable beliefs regarding whether a plaintiff failed to name him because of a mistake." *Berry*, 2010 WL 3932289, at *5; *see Krupski*, 130 S.Ct. at 2493 ("Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint."). Here, Defendants cite a series of facts and post-filing events to bolster the reasonableness of Galati's belief that his omission from the original pleading was a conscious choice rather than a mistake.

Defendants first emphasize the fact that Galati was junior in rank to Monahan at the time of the arrests. On this basis, Defendants argue that "it would be reasonable for Galati to believe that Plaintiffs only intended to sue the highest ranking officer on the scene who participated in the arrest decision." ' (Defs.' Resp., Aug. 20.2010. at 3.) But this inference finds no support in the text of the original Complaint, which makes no reference to rank or relative authority. (Compl. ¶ 25 ("[D]efendant Monahan ordered this mass arrest in accordance with the mass arrest tactics developed and adopted by policymaking officials of the New York City Police Department and the City of New York.").)

Because the original Complaint names Monahan for his participation in the arrest decision and not for his seniority at the scene of the arrest, Galati cannot reasonably claim to believe he was omitted from the original pleading based on his junior rank.

Second, Defendants argue that the reasonableness of Galati's belief is corroborated by the fact that the lead RNC case, *Schiller v. City of New York*, No. 04 Civ. 7922(RJS)(JCF), also involved the mass arrests at the intersection of Fulton and Church Streets and also did not name Galati as a defendant. (Defs.' Resp., Aug. 20, 2010, at 3.) But the litigation decisions of one plaintiff cannot support such an inference about the knowledge or strategy of another plaintiff in a parallel suit. The fact that *Schiller* and *Abdell* were subsequently consolidated as related cases does not justify a retroactive assumption of common intent between the plaintiffs in each case. Thus, the omission of Galati from the *Schiller* complaint has no bearing on the reasonableness of his belief that the *Abdell* Plaintiffs made an informed choice to do the same.

Defendants next argue that the three-month delay between Galati's deposition testimony and Plaintiffs' eventual motion to amend strengthens the reasonableness of Galati's belief that the original omission was not a mistake. (*Id.* at 4 ("[D]espite Plaintiffs' clear understanding that Galati was involved in the arrest decision, the *Abdell* Plaintiffs . . . did not timely seek to add Galati to the Complaint until nearly three months after his deposition.").) Citing *Krupski*, Defendants urge the Court to consider Plaintiffs' "postfiling conduct" to the extent that it 'informs the prospective defendant's understanding of whether the plaintiff initially made a mistake concerning the proper party's identity." (Defs.' Resp., Aug. 20, 2010, at 2 (quoting *Krup-*

*ski*, 130 S.Ct. at 2496–97 (internal citations and quotation marks omitted)).

While their selected quotation is certainly accurate, Defendants appear to invert the *Krupski* rule in its application. In context, it is clear that the *Krupski* opinion considered and rejected the argument that a plaintiff's undue delay in seeking to amend could justify the denial of relation back:

> The Court of Appeals offered no support for its view that a plaintiff's dilatory conduct can justify the denial of relation back under Rule 15(c)(1)(C), and we find none. The Rule plainly sets forth an exclusive list of requirements for relation back, and the amending party's diligence is not among them.

*Krupski*, 130 S.Ct. at 2496. Thus, the *Krupski* language about post-filing events must be informed by the Court's clear instruction that "the speed with which a plaintiff moves to amend her complaint . . . has no bearing on whether the amended complaint relates back." *Id.* Accordingly, the Court finds that Plaintiffs' failure to add Galati immediately following the deposition is not sufficient to make reasonable his belief that Plaintiffs had made a deliberate and informed decision not to sue him in the first instance.

Finally, Defendants weakly assert that Galati's belief was reasonable because he testified to the distinction between a defendant and a non-party at his deposition. (Defs.' Resp., Aug. 20, 2010, at 4.) In their view, "the fact that [Galati] was deposed and was aware of this lawsuit" does not alter the reasonableness of his belief, because he understood the difference between his standing as a defendant in some suits and a non-defendant in others. (*Id.*) This argument also falls short. Although Galati's testimony may reveal his subjective grasp of civil procedure, it signifies nothing about the reasonableness of a be-

lief that he attained non-party status in this case through a conscious decision rather than a mistake.

The record is clear that Galati participated in the mass arrest decision (Pls.' Mem. at 2–3, Doc. No. 19), that Monahan was named in the initial Complaint due to his role in that decision (Compl.¶ 25), and that Galati was made aware of the instant suit within the limitations period (Defs.' Resp., Aug. 20, 2010, Ex. A). In light of these facts, the Court finds that Galati could not have reasonably believed that his omission from the initial Complaint was anything other than a mistake.

### III. CONCLUSION

For the reasons set forth above, the Court finds that (1) the *Krupski* decision permits relation back under Rule 15(c) where plaintiffs lacked knowledge as to liability; and (2) Galati could not have reasonably believed that his omission from the original Complaint was the result of a conscious choice. Accordingly, the motion to amend the Complaint by adding Galati as a Defendant on Plaintiffs' state law claims is HEREBY GRANTED.

SO ORDERED.