In the

# United States Court of Appeals
## For the Seventh Circuit

No. 10-1420

REX M. JOSEPH, JR., trustee
    of the bankruptcy estate of
    Timothy Wardrop,

                                    *Plaintiff-Appellant*,

                  *v.*


ELAN MOTORSPORTS TECHNOLOGIES
    RACING CORP.,

                                      *Defendant-Appellee*.

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 1:04-CV-0104-LJM-DML—**Larry J. McKinney**, *Judge*.

ARGUED OCTOBER 18, 2010—DECIDED MARCH 14, 2011

Before POSNER and WOOD, *Circuit Judges*, and
ADELMAN, *District Judge*.*

* Hon. Lynn S. Adelman, of the Eastern District of Wisconsin,
sitting by designation.

POSNER, *Circuit Judge*. Timothy Wardrop filed suit in an Indiana state court more than seven years ago against Elan Motorsports Technologies Racing Corp., which for reasons that will shortly become clear we'll call "Elan Corp." The suit charged breach of a written employment contract (plus an oral commission contract that we can ignore). The defendant removed the case to federal district court under the diversity jurisdiction. The written contract states that the parties are Wardrop and Elan Motorsports Technologies, Inc., which we'll call "Elan Inc." It is a separate corporation from Elan Corp. though affiliated with it. Why an enterprise would give two of its corporations so nearly identical names (functionally identical, since "Corp." and "Inc." are alternative ways of designating a corporation) is a puzzle we needn't try to solve.

Elan Corp., the named defendant, filed an answer, and pretrial discovery ensued. Eventually Wardrop (who at some point in this protracted litigation went bankrupt and was succeeded as plaintiff by his trustee in bankruptcy, another detail we can ignore) discovered that his contract was indeed with Elan Inc. and not Elan Corp. He sought leave to amend the complaint to change the defendant to Elan Inc. with relation back to the date of the original complaint, the statute of limitations having meanwhile expired. Relation back is permitted in several circumstances, including when "the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought

against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). A party who is on notice long before the statute of limitations expires that he is an intended defendant, and who suffers no harm from the failure to have been named as a defendant at the outset, is in the same position as a defendant sued within the statute of limitations. The public policy expressed in a statute of limitations is therefore not undermined by relation back in the circumstances specified in the federal rule. See *Dixon Ticonderoga Co. v. Estate of O'Connor*, 248 F.3d 151, 168 (3d Cir. 2001).

Another situation in which relation back is permitted is where the law of the jurisdiction that creates the applicable statute of limitations, which in this case is Indiana, permits relation back. Fed. R. Civ. P. 15(c)(1)(A); Committee Note to 1991 Amendment; *Arendt v. Vetta Sports, Inc.*, 99 F.3d 231, 236 and n. 3 (7th Cir. 1996). But Indiana's relation-back rule, Ind. Trial R. 15(C), is materially identical to the federal rule, so we need not consider it separately.

The district judge ruled that the proposed amended complaint did not relate back. He quoted from our decision in *Hall v. Norfolk Southern Ry.*, 469 F.3d 590, 596 (7th Cir. 2006), that "it is the plaintiff's responsibility to determine the proper party to sue and to do so before the statute of limitations expires." A failure to identify the proper party is a mistake not about the defendant's name but about who is liable for the plaintiff's injury. Wardrop didn't think that Elan Inc. was liable to him and thus called Elan Inc. Elan Corp. by mistake because

of the similarity of the names; he thought Elan Corp. was liable to him for breach of contract, not realizing—as he should have done, because it was stated in his written contract—that actually Elan Inc. was the other party to the contract. The judge thought that since the amended complaint did not (in his view) relate back to the date of the original filing, permitting the amendment would be futile. And since Wardrop acknowledged that Elan Corp.—the only defendant named in the original complaint—was not liable to him, the judge concluded that there was no controversy between the parties, and so he dismissed the suit, just as he would have done had it been abandoned by the plaintiff, or settled.

Even if the refusal to allow relation back had been correct (it wasn't, as we're about to see), the dismissal of the suit on the ground that the parties had no controversy would have been incorrect. Rule 15(c) is about relation back of amendments; it is not about whether to permit an amendment, which is the subject of Rules 15(a) and (b). Rule 15(a)(2), which governs amendments to pleadings before trial (and there hasn't been a trial in this case, despite its age), allowed Wardrop to amend his complaint with the district court's leave; the rule adds that "the court should freely give leave when justice so requires." Amending the complaint to substitute the alleged contract breaker for the innocent affiliate was entirely proper; whether the amendment would relate back to the date when the original complaint was filed and thus defeat the defense of statute of limitations was a separate question. See *Arthur v. Maersk, Inc.*, 434 F.3d 196, 202-04 (3d Cir. 2006); *United*

*States v. Hicks*, 283 F.3d 380, 386-87 (D.C. Cir. 2002); cf. *Jones v. Bernanke*, 557 F.3d 670, 674-75 (D.C. Cir. 2009). The judge should have allowed the amendment and then, believing that the amended complaint did not relate back, should have rendered judgment on the merits for both defendants—for Elan Corp., the original defendant, because it had not broken any contract with Wardrop, and for Elan Inc., added as a defendant by the amendment, because the statute of limitations for a suit against it based on the contract had expired.

It is more common, though slightly irregular, for a district court simply to "deny leave to amend based wholly or partially on [the court's] belief that any amendment would not relate back." *Slayton v. American Express Co.*, 460 F.3d 215, 226 n. 11 (2d Cir. 2006); see also *Hall v. Norfolk Southern Ry.*, 469 F.3d 590, 592 (7th Cir. 2006); *Woods v. Indiana University-Purdue University*, 996 F.2d 880, 882 (7th Cir. 1993). That is what the judge did here, but he should have followed it up by entering judgment for the original defendant on the merits, on the ground that it wasn't liable to the plaintiff. The judge's method of disposing of the case—dismissing for want of jurisdiction—set the stage for counsel for Elan Corp. to make the ridiculous argument that we have no jurisdiction because Elan Inc. is not a party and Wardrop does not claim to have any rights against Elan Corp. The logic of the argument is that the denial of a motion to amend a complaint to substitute a potentially liable entity for the defendant named in the complaint is not reviewable by an appellate court because the plaintiff is no longer seeking a judgment against the only defendant named in the complaint.

Inconsistently with his insistence that Elan Inc. is not a party, counsel for Elan Corp. defends the judge's ruling denying leave to file an amended complaint with relation back even though the only beneficiary of the ruling is Elan Inc. He says that Elan Corp. "makes no argument on behalf of non-party [Elan Inc.]," and then proceeds to argue that the judge was right not to allow Elan Inc. to be added as a defendant, an argument relevant only to that firm.

Actually the judge was wrong about relation back, though it was a forced error because it was after he ruled on Wardrop's motion to amend the original complaint that the Supreme Court in *Krupski v. Costa Crociere S.p.A.*, 130 S. Ct. 2485 (2010), changed what we and other courts had understood, in *Hall* and the other cases we cited, to be the proper standard for deciding whether an amended complaint relates back to the date of the filing of the original complaint. We had thought the focus should be on what the plaintiff knew or should have known, and by that criterion Wardrop indeed had failed to make the case for relation back because he had intended to sue Elan Corp. even though the other party to his contract was Elan Inc. From early in the case, moreover, filings by Elan Corp.—including a corporate disclosure statement that showed it was a separate corporation from Elan Inc. (it was Elan Inc.'s parent, but the liability of a subsidiary is not automatically attributed to its parent even if it is wholly owned by it)—should have alerted Wardrop's lawyer to his mistake. It took him almost six years to discover it. His delay was inexcusable.

But the Supreme Court's decision in *Krupski*, hewing closely to the language of Rule 15(c)(1)(C), has cut the ground out from under the district court's decision. See also *United States ex rel. Miller v. Bill Harbert Int'l Construction, Inc.*, 608 F.3d 871, 885 (D.C. Cir. 2010) (per curiam); *Abdell v. City of New York*, 2010 WL 5422375, at *4-7 (S.D.N.Y. Dec. 22, 2010). The only two inquiries that the district court is now permitted to make in deciding whether an amended complaint relates back to the date of the original one are, first, whether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead or in addition to suing the named defendant; and second, whether, even if so, the delay in the plaintiff's discovering his mistake impaired the new defendant's ability to defend himself. "A potential defendant who has not been named in a lawsuit by the time the statute of limitations has run is entitled to repose—unless it is or should be apparent to that person that he is the beneficiary of a mere slip of the pen, as it were." *Rendall-Speranza v. Nassim*, 107 F.3d 913, 918 (D.C. Cir. 1997); see *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980); *Locklear v. Bergman & Beving AB*, 457 F.3d 363, 366-67 (4th Cir. 2006).

The fact that the plaintiff was careless in failing to discover his mistake is *relevant* to a defendant's claim of prejudice; the longer the delay in amending the complaint was, the likelier the new defendant is to have been placed at a disadvantage in the litigation. But carelessness is no longer a ground independent of prejudice for refusing to allow relation back.

Elan Inc. knew that Wardrop meant to sue it rather than Elan Corp. He meant to sue the party to the employment contract with him and Elan Inc. was that party. The two corporations are pieces of a dizzying array of corporate entities all of which, it seems—or at least Elan Corp. and Elan Inc.—are managed out of the same office. Elan Inc. is registered in Delaware and has an address and a registered agent in Delaware, as required of a Delaware corporation. But its operations are conducted from the same office in Georgia that houses Elan Corp. Wardrop traveled to that office many times during and in relation to the performance of his contract. His complaint was served on the employee of still another affiliate—but, as it happened, that was the person who "supervised, directed, and monitored" Wardrop's services under his contract with Elan Inc. The person was a de facto employee of Elan Inc. when supervising Wardrop's performance of his contract with that firm. But however we characterize his legal relation to Elan Inc., he had to know, as soon as he received the complaint, that Wardrop meant to sue Elan Inc. rather than Elan Corp.—knew that had it not been for the plaintiff's error, to which the confusing similarity of the corporate names doubtless contributed, Elan Inc. would have been named as the defendant. See *United States ex rel. Miller v. Bill Harbert Int'l Construction, Inc.*, *supra*, 608 F.3d at 883-84; *Singletary v. Pennsylvania Dep't of Corrections*, 266 F.3d 186, 195-98 (3d Cir. 2001); *Datskow v. Teledyne, Inc.*, 899 F.2d 1298, 1301-02 (2d Cir. 1990); 16 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1499, pp. 146-51 (2d

ed. 1996). His knowledge was Elan Inc.'s knowledge because he was, as we said, supervising that firm's contract with Wardrop.

Thus one of the two requirements for relation back was satisfied (knowledge by the "real" defendant); but so we think was the other requirement (prejudice), even though the district judge made no finding on whether Elan Inc. was harmed by the delay in Wardrop's moving to substitute it as a defendant. Prejudice manufactured by a defendant is not a ground for refusing relation back. Cf. *Hafferman v. Westinghouse Electric Corp.*, 653 F. Supp. 423, 429 (D.D.C. 1986); *Hart v. Bechtel Corp.*, 90 F.R.D. 104, 106 (D. Ariz. 1981); *Wasson v. McClintock*, 703 A.2d 726, 730 (Pa. Commonwealth Ct. 1997). It's like failing to mitigate damages. As soon as the employee we mentioned read Wardrop's complaint, he knew, and therefore Elan Inc. knew, that Wardrop had sued the wrong entity. Elan Inc. sat on its haunches for almost six years while the litigation ground forward, and it would still be squatting on its haunches had Wardrop not finally woken up in 2009 and moved to substitute it as defendant. No prejudice accrued to Elan Inc. in the brief interval between the filing of Wardrop's original complaint and the receipt of the complaint by the employee who had administered Wardrop's contract. Elan Inc., if it had promptly disabused Wardrop of his mistake and he had amended his complaint forthwith, would have suffered no harm from delay in the amending of the complaint because there wouldn't have been any delay. It brought

on itself any harm it has suffered from delay, and can't be allowed to gain an advantage from doing that.

So the decision of the district court must be reversed with directions to allow the amended complaint, substituting Elan Inc. as defendant with relation back to the date of the original complaint.

The amended complaint differs from the original complaint in other respects as well as the defendant's name, however, and on remand the district judge will have to consider whether those differences warrant rejection of the amended complaint, as Elan Inc. argues. Granted, the fact that the amended complaint adds new legal theories (as distinct from new claims, *Doe v. Howe Military School*, 227 F.3d 981, 989-90 (7th Cir. 2000); *R.P. ex rel. C.P. v. Prescott Unified School District*, 2011 WL 343966, at *3-4 (9th Cir. Feb. 4, 2011) (the *R.P.* opinion refers to "a new theory of relief" but it is apparent that the intended meaning is a new claim)) would not warrant rejection. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 573-74 (7th Cir. 2006); *McBeth v. Himes*, 598 F.3d 708, 716 (10th Cir. 2010); *Hall v. Spencer County*, 583 F.3d 930, 934-35 (6th Cir. 2009). A complaint need not plead legal theories. *Hatmaker v. Memorial Medical Center*, 619 F.3d 741, 743 (7th Cir. 2010); *O'Grady v. Village of Libertyville,* 304 F.3d 719, 723 (7th Cir. 2002); *Sagana v. Tenorio*, 384 F.3d 731, 736-37 (9th Cir. 2004). The defendant can elicit them by contention interrogatories. Fed. R. Civ. P. 33(a)(1); *In re Ocwen Loan Servicing, LLC Mortgage Servicing Litigation*, 491 F.3d 638, 641 (7th Cir. 2007); *American Nurses' Ass'n v. Illinois*, 783 F.2d 716, 723

(7th Cir. 1986); *Starcher v. Correctional Medical Systems, Inc.*, 144 F.3d 418, 421 and n. 2 (6th Cir. 1998).

But there is a new claim in the amended complaint: a claim of quantum meruit, which might allow an award of damages based on the market value of the services that Wardrop rendered to Elan Inc. even if he failed to prove a breach of contract, if he rendered those services with a reasonable expectation of being compensated for them. *Wallace v. Long*, 5 N.E. 666, 668-69 (Ind. 1886); *Mueller v. Karns*, 873 N.E.2d 652, 659 (Ind. App. 2007); *Lindquist Ford, Inc. v. Middleton Motors, Inc.*, 557 F.3d 469, 477-78 (7th Cir. 2009); *ConFold Pacific, Inc. v. Polaris Industries, Inc.*, 433 F.3d 952, 958 (7th Cir. 2006); Jason Scott Johnston, "Communication and Courtship: Cheap Talk Economics and the Law of Contract Formation," 85 *Va. L. Rev.* 385, 486 (1999). Proof of such damages is likely to require expert evidence of market value, *Overseas Development Disc Corp. v. Sangamo Construction Co.*, 686 F.2d 498, 508-09 (7th Cir. 1982); see, e.g., *Dresser Industries, Inc. v. Gradall Co.*, 965 F.2d 1442, 1448 (7th Cir. 1992) (per curiam); *Ensley v. Cody Resources, Inc.*, 171 F.3d 315, 318, 322 (5th Cir. 1999), and it's pretty late in this litigation to be trotting out new experts. But this and any other issues relating to the proposed amended complaint, other than the unexceptionable substitution of the right Elan for the wrong Elan, are for the district judge to consider in the first instance.

REVERSED AND REMANDED.