13-3910-cv(L)
Scott v. Village of Spring Valley

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of September, two thousand fourteen.

PRESENT:  GUIDO CALABRESI,
          REENA RAGGI,
          DENNY CHIN,
                    *Circuit Judges*.

-----------------------------------------------------------------------
DON SHIRLEY ROWE SCOTT,
                    *Plaintiff-Appellant,*

      v.                                   Nos.   13-3910-cv(L)
                                                13-4297-cv(con)


THE VILLAGE OF SPRING VALLEY, COUNTY OF ROCKLAND, SPRING VALLEY POLICE DEPARTMENT,
                    *Defendants-Appellees.*
-----------------------------------------------------------------------
FOR APPELLANT:              Brian J. Issac, Pollack, Pollack, Isaac & DeCicco, LLP, New York, New York.

FOR APPELLEES:              Brian S. Sokoloff, Susan H. Odessky, Sokoloff Stern LLP, Carle Place, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Nelson S. Román, *Judge*; Paul E. Davison, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on August 4, 2014, is AFFIRMED.

Don Shirley Rowe Scott, the plaintiff in this 42 U.S.C. § 1983 action against defendants the County of Rockland, Village of Spring Valley, and the Village's police department, appeals from an order denying him leave to amend his complaint to add Officers Joseph Brown and Oscar Lopez (the "officers") as named defendants because his claims against the officers do not relate back to the original complaint under Fed. R. Civ. P. 15(c)(1) and are, therefore, untimely.[1] We review de novo the district court's relation-back determination. See ASARCO LLC v. Goodwin, ---F.3d---, 2014 WL 2870117, at *9 (2d Cir. June 25, 2014). We assume the parties' familiarity with the facts and record of the underlying proceedings, which we reference only as necessary to explain our decision to affirm.

An amended complaint adding a new party relates back under Fed. R. Civ. P. 15(c)(1)(C) when the following conditions are met:

---

[1] Scott filed this notice of appeal before the district court entered final judgment. While we ordinarily lack jurisdiction to hear such appeals, see SEC v. Smith, 710 F.3d 87, 93 (2d Cir. 2013), we have jurisdiction here because the district court entered final judgment in favor of defendants while this appeal was pending, see Community Bank, N.A. v. Riffle, 617 F.3d 171, 174 (2d Cir. 2010) (recognizing that premature notice of appeal from nonfinal order may ripen into valid notice if final judgment has been entered by time appeal is heard and appellee suffers no prejudice).

2

(1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party should have known that, but for a mistake of identity, the original action would have been brought against it; and [4] the second and third criteria are fulfilled within 120 days of the filing of the original complaint, and the original complaint was filed within the limitations period.

Hogan v. Fischer, 738 F.3d 509, 517 (2d Cir. 2013) (emphasis omitted) (internal quotation marks, ellipsis, and brackets omitted). Scott "concede[s] that neither Officer Brown nor Officer Lopez received actual notice that they would be named in this suit within 120 days of the commencement of this action." Appellant's Br. 22 (emphasis in original). Nevertheless, he argues that the officers had constructive notice of the suit because they are now represented by the same counsel as the named municipal defendants.

Under the constructive notice doctrine, a court may impute knowledge "to a defendant or set of defendants because they have the same attorney(s)" when there is "some showing that the attorney(s) knew that the additional defendants would be added to the existing suit." Gleason v. McBride, 869 F.2d 688, 693 (2d Cir. 1989); accord Abdell v. City of New York, 759 F. Supp. 2d. 450, 455 (S.D.N.Y. 2010) (describing constructive notice doctrine). Scott submits that his pleadings suffice to make this showing because they allege excessive force by unnamed police officers, which thereby put defense counsel on notice that these officers would be added to the suit. We are not persuaded. Scott brought suit against only municipal defendants—County of Rockland, Village of Spring Valley, and the Village's police department. He points to no authority supporting a

3

conclusion that a complaint alleging employee misconduct to support a <u>Monell</u> claim, <u>see</u> <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978), against named municipal defendants affords counsel knowledge of plaintiff's intent to sue the officers individually. Indeed, Scott offers no explanation for his attorney's failure to sue the officers as "John Doe" defendants if he intended to pursue individual liability, a routine course from which defense counsel could have acquired the requisite knowledge. <u>Cf.</u> <u>Archibald v. City of Hartford</u>, 274 F.R.D. 371, 380 (D. Conn. 2011) (imputing knowledge where plaintiff brought suit against individual officers and "[c]omplaint contained considerable detail regarding the roles of John Doe 1 and Jane Doe 2"). In sum, we conclude that Scott has failed to demonstrate constructive notice in this case.

We also reject Scott's argument that his failure to sue the individual officers within the statute of limitations was an excusable mistake. Although "Rule 15(c) explicitly allows the relation back of an amendment due to a mistake concerning the identity of the parties," we have consistently held that "the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake." <u>Hogan v. Fischer</u>, 738 F.3d at 517–18 (internal quotation marks, ellipsis, and brackets omitted); <u>see also</u> <u>Barrow v. Wethersfield Police Dep't</u>, 66 F.3d 466, 468–69 (2d Cir. 1995). As Scott acknowledges, this case falls into the latter category. <u>See</u> Appellant's Br. 34 ("[A]lthough the Complaint alleged that a certain officer was involved in the incident . . . at the time of the complaint, Mr. Scott was unaware of the identity or

4

name of the police officer."). Scott's proposed amendment does not correct a mistake of fact, cf. Krupski v. Costa Crociere S. P. A., 560 U.S. 538, 554–55 (2010) (holding claim relates back where plaintiff misunderstood which entity was in charge of ship that allegedly caused injury), but rather seeks to add information—the names of the officers involved—that he lacked when he filed the complaint. Accordingly, Scott's proposed amendment does not satisfy Rule 15(c).

We have considered Scott's remaining arguments and conclude that they are without merit. Accordingly, the judgment is affirmed.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5